UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| MICHAEL W. DICKINSON, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:11-281-JMH |
| ) | |
| v. ) | |
| ) | |
| ) | |
| MARTIN COLLINS SURFACES & ) | **MEMORANDUM OPINION & ORDER** |
| FOOTINGS, LLC, ) | |
| ) | |
| Defendant. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Plaintiff's Motion for Leave to Amend the Prayer for Relief in Its Complaint [DE 26] and Motion for Summary Judgment [DE 27]. Defendant has filed a Response [DE 31, 33], stating its objections to each of these Motions, and Plaintiff has filed a Reply in further support of its Motions [DE 35]. These Motions are now ripe for decision, and, for the reasons stated below, they will be granted.

**I.   Standard of Review**

Summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Johnson v. United States Postal Serv.*, 64 F.3d 233, 236 (6th Cir. 1995). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to come forward with evidence

showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A mere scintilla of evidence is insufficient; rather, "there must be evidence on which the jury could reasonably find for the [nonmovant]." *Id*. at 252. This standard requires a court to make a preliminary assessment of the evidence, in order to decide whether the non-moving party's evidence concerns a material issue and is more than de minimis. *Hansel v. Keys*, 87 F.3d 795, 800 (6th Cir. 1996). The mere "possibility" of a factual dispute is not enough. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992), quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986).

## II. Discussion

### A. Choice of Law

This case was filed in the United States District Court for the District of Maryland on May 10, 2011, and transferred to this Court on August 30, 2011. Because the present case was transferred to this Court pursuant to 28 U.S.C. § 1406(a), this Court applies the choice-of-law rules that would have been applicable had the action been commenced in this Court. *Adam v. J.B. Hunt Transport, Inc.*, 130 F.3d 218, 230 (6th Cir. 1997). Thus, the choice-of-law rules of the forum state, the Commonwealth of Kentucky, govern the decision in this breach of contract case. *See Wallace Hardware Co., Inc. v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941); *Banek v.*

*Yogurt Ventures U.S.A., Inc.*, 6 F.3d 357, 361 (6th Cir. 1993)).

With respect to the law of contracts, Kentucky courts apply the modern choice of law test, looking to which state has the most significant relationship to the transaction and the parties. *See Lewis v. Family Group*, 555 S.W.2d 579 (Ky. 1977) (abrogating the traditional rule of *lex loci contractus*). In the instant matter, no one seems particularly concerned about the law which governs this matter. The Court must, however, determine which law it will apply before it can proceed. From the record, the Court understands that MCSF's principal place of business is located in Lexington, Kentucky. In other words, if the parties anticipated an ongoing relationship with multiple payments made over the course of time, the location of the principal place of business (from whence payments would, one assumes, be made) has as significant a relationship with the transaction and the parties as any. Accordingly, the Court concludes that Kentucky law should govern the rights and liabilities of the parties under this Agreement.

**B. Defendant Has Breached Its Agreement With Plaintiff**

Plaintiff Michael W. Dickinson, Inc. (hereinafter, "MWD") entered into a non-exclusive patent license agreement with Defendant Martin Collins Surfaces & Footings, LLC (hereinafter, "MCSF") on February 4, 2008. Section 4.1 of the parties' Agreement provided that MCSF would pay $1.25 million, termed a "non-refundable royalty," in 10 equal installments and payable on

September 1 of each year under the Agreement, beginning on September 1, 2008. Section 4.3 of the Agreement provided that overdue payments would "bear simple interest at the rate of prime plus two (2) percent" until payment is made. The prime rate is a variable rate, but it has remained fixed at 3.25% since December 16, 2008. Thus, the applicable simple interest rate on any given date relevant to the matter at bar is 5.25%.

MCSF has made no payments since September 1, 2008. MWD has made repeated demands for payment. Indeed, MCSF does not dispute that it owes the full amounts left unpaid on September 1, 2009, and September 1, 2010. MCSF urges the Court to conclude, however, that it should be relieved of some portion of the payment due on September 1, 2011, because it dissolved on September 23, 2011.[1] Specifically, Defendant theorizes that Plaintiff is not entitled to recover any more than a pro-rated portion of the third $125,000 annual payment because each payment was made with respect to a specific year of the agreement. Defendant argues that, when it made the first payment of $125,000 on September 1, 2008, it was paying for the entire first year of the Agreement which ran from February 4, 2008, to February 3, 2009, and that each payment due thereafter was for subsequent years of the Agreement, similarly

---

[1] MCSF was voluntarily dissolved on September 23, 2011, by the filing of Articles of Dissolution with the Kentucky Secretary of State. Its existence continues solely for the purposes of winding up and liquidating its business, including the defense of this action. *See* KRS ¶ 275.300.

defined.[2]

In Kentucky, the interpretation of the parties' contract is a question of law. *Baker v. Coombs*, 219 S.W.3d 204 (Ky. App. 2007). "In interpreting the contract, the parties' intentions are discerned from the four corners of the document itself. Absent ambiguity, extrinsic evidence should not be considered[,] and a court will interpret the contract terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Dupont v. Dupont*, No. 2006-CA-002191-MR, 2008 WL 4951777, *2 (Ky. Ct. App. Nov. 21, 2008) (citing *Baker*, 219 S.W.3d at 207; *Hoheimer v. Hoheimer*, 30 S.W.3d 176 (Ky. 2000)).

Here, there is no provision in the Agreement for such an off-set or pro rata payment of the amount due upon termination. Nor is there any term in the Agreement (or any evidence at all, for that matter) which demonstrates that the individual payments to be made on September 1 of each year of the Agreement were attributable to any specific year, which the Court would have to assume for there

---

[2] Plaintiff's Motion for Leave to Amend the Prayer for Relief in Its Complaint seeks to include averments concerning the payment due on September 1, 2011, in this action. Obviously, that payment was not due at the time this action was originally filed on May 10, 2011. Defendant's objection to the Motion for Leave to Amend, as the Court understands it, is grounded in an argument that it would be futile to amend the Prayer for Relief as requested because of the argument articulated above. As the Court has set forth elsewhere in this Memorandum Opinion and Order, there is no evidence upon which to base the conclusion that a pro-rated amount is due with respect to the third year of the Agreement. Accordingly, the effort to amend the Prayer for Relief is not futile, and that Motion will be granted.

to be any hope of reaching the conclusion that MCSF urges. Rather, the Agreement clearly provides that the yearly payments were installments on the $1.25 million non-refundable royalty agreed upon by the parties – not, for example, yearly licensing fees. Finally, while the Agreement provides that it would terminate immediately after a dissolution of MCSF, it also unambiguously states that "termination [under that section of the Agreement] does not absolve MCSF its payment obligations incurred prior to the termination."

In other words, there is simply no evidence "susceptible to the interpretation [that MCSF] seeks to give it." *Mario's Enterprises, Inc. v. Morton-Norwich Products, Inc.*, 487 F. Supp. 1308, 1312 (W.D. Ky. 1980). Even if the Court assumes that MCSF's September 23, 2011, dissolution terminated the Agreement between these parties, there is no evidence that MCSF's dissolution somehow relieves MCSF of its obligation to make full payment for all that was due prior to that time. MCSF presents no evidence of a genuine dispute of material fact, and the Court concludes that the principal amount owed under the Agreement is the sum of the three missed payments or $375,000.

As for the calculation of interest on the principal sum owed, overdue payments under the Agreement "bear simple interest at the rate of prime plus two (2) percent." Plaintiff has presented uncontroverted evidence that the prime rate, while variable, has

remained fixed at 3.25% since December 16, 2008.  Thus, it is
undisputed that the overdue payments bear simple interest at a rate
of 5.25%.  Applying that to the sum of $375,000.00 due as of
September 1, 2011, the total amount of interest due is $19,687.50.
Thereafter, interest accumulated at a rate of $53.94 per day until
MCSF terminated the Agreement by filing Articles of Dissolution on
September 23, 2011, for a grand total of $20,874.18.[3]  The Court
concludes that, under the Agreement, $20,874.18 in interest is now
due and owed by MCSF to Plaintiff.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Leave to Amend the Prayer for Relief in Its Complaint [DE 26] is **GRANTED**; and

(2) that Plaintiff's Motion for Summary Judgment [DE 27] is **GRANTED.**  A separate order of judgment will issue.

This the 18th day of November, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

[3] Plaintiff does not concede that MCSF's filing of Articles of Dissolution on September 23, 2011, terminated the Agreement on that date.  Plaintiff, however, "does not dispute, for the purpose of this summary judgment motion , that . . . the Agreement terminated on that date." [Reply at 5.]