UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| MICHAEL W. DICKINSON, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MARTIN COLLINS SURFACES & )<br>FOOTINGS, LLC, )<br>)<br>Defendant. )<br>) | Civil Case No.<br>5:11-cv-281-JMH<br><br>**MEMORANDUM OPINION & ORDER** |

\*\*\*

This matter is before the Court upon several motions. Defendant Martin Collins Surfaces & Footings, LLC, filed a Motion for a Protective Order and Modification of Subpoenas (D.E. 44), to which Plaintiff filed a Response in opposition (D.E. 46) and Defendant replied (D.E. 55). Third-party Martin Collins USA, LLC, filed a Motion for a Protective Order (D.E. 45), to which Plaintiff filed a Response in opposition (D.E. 49) and Martin Collins USA, LLC replied (D.E. 56). Plaintiff also filed a Motion to Compel Production of Documents from Keeneland Ventures PT, LLC (D.E. 52) and a Motion to Compel Production of Documents from Keeneland Association, Inc. (D.E. 64), to which Keeneland Ventures PT, LLC and Keeneland Association, Inc. responded in opposition (D.E. 59, 65) and Plaintiff

replied (D.E. 60, 66). Finally, Plaintiff has filed a Motion for Hearing (D.E. 57). All pending motions are ripe for review.

For the reasons stated below, Defendant Martin Collins Surfaces & Footings's Motion for a Protective Order and Modification of Subpoenas (D.E. 44) and third-party Martin Collins USA's Motion for a Protective Order (D.E. 45) will be granted, and Plaintiff's Motions to Compel Production of Documents from Keeneland Ventures PT, LLC and Keeneland Association, Inc. (D.E. 52, 64) will be denied. Further, because the Court has determined that all issues raised in the discovery motions can be resolved without the benefit of a hearing, Plaintiff's Motion for Hearing (D.E. 57) is denied.

**I. Facts & Procedural History**

Defendant, Martin Collins Surfaces & Footings, LLC ("MCSF") was formerly a Kentucky limited liability company wholly owned by two members: Martin Collins International, Ltd. (MCI) and Keeneland Ventures PT, LLC ("Keeneland Ventures") by and through Keeneland Association, Inc. ("Keeneland Association"). Defendant voluntarily dissolved on September 23, 2011. (D.E. 44-2, Articles of Dissolution). Upon dissolution, Central Bank & Trust Company ("Central Bank") had a first priority lien on all

2

of Defendant's assets. (D.E. 44, MCSF Motion for Protective Order, at 2).

Plaintiff filed a Complaint for breach of contract on May 11, 2011, naming MCSF as the sole Defendant. (D.E. 1, Complaint). This Court entered a Judgment in favor of Plaintiff on November 18, 2011. (D.E. 36, 37). The motions involved in this case all relate to Plaintiff's efforts to engage in post-judgment discovery to satisfy the judgment obtained against Defendant. Specifically, since Defendant failed to satisfy the judgment, Plaintiff issued post-judgment discovery subpoenas to not only Defendant, but also several third parties including Keeneland Ventures, Keeneland Association, MCI, Martin Collins USA, LLC (MCUSA) and Central Bank. Plaintiff's subpoenas seek to recover a host of information from these third parties which relates not only to tracing Defendant's assets and determining its connection to its members, but also to uncovering a substantial amount of information about the individual assets of the third parties themselves.

**II. Analysis**

Fed. R. Civ. P. 69(a)(2) provides, in relevant part, that, "in aid of the judgment or execution, [Plaintiff] may obtain discovery from any person . . . as provided in these rules." However, the scope of discovery that may be

3

obtained from third parties by a judgment creditor is limited to that necessary for "the purpose of discovering any concealed or fraudulently transferred assets" of the judgment debtor. *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 (S.D.N.Y. 1977). The party seeking such discovery must make "a threshold showing of the necessity and relevance" of the information sought. *Trs. of N. Fla. Operating Eng'rs Health & Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662, 664 (M.D. Fla. 1993). Further, "disclosure concerning the assets of a non-party is generally not contemplated by Rule 69(a)," and such discovery should only be permitted when "the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them." *Magnaleasing, Inc.*, 76 F.R.D. at 562.

Plaintiff has failed to meet this burden in the instant case. First, Plaintiff's attempt to discover information from MCUSA clearly exceeds the bounds of Rule 69(a)(2). Plaintiff theorizes without any factual support that MCUSA is the American subsidiary of MCI, although MCUSA vehemently denies that it is owned or operated by MCI or any subsidiary thereof. (D.E. 56, MCUSA Reply, at 3). Regardless of MCUSA's corporate structure, Plaintiff has

4

failed to articulate why discovery from MCUSA – which was never a member of Defendant – is relevant or necessary.

For example, Plaintiff has never alleged that fraudulent transfers between Defendant and MCUSA took place. Nor have there been any allegations that MCUSA failed to pay sufficient consideration for Defendant's assets purchased upon Defendant's dissolution. Further, Defendant has already produced discovery to Plaintiff detailing all of the asset transfers to MCUSA. (D.E. 45, MCUSA Motion for Protective Order, at 3). These documents not only include the consideration MCUSA paid for Defendant's assets, but also reveal that all assets were sold either at public auction or at a private sale supervised by Central Bank, Defendant's primary creditor. (D.E. 45, MCUSA Motion for Protective Order, at 3). In sum, there is simply no evidence that MCUSA engaged in fraudulent transfers with Defendant and Plaintiff has thus failed to meet its burden to show otherwise.

With regard to all other third parties from which Plaintiff seeks post-judgment discovery, Plaintiff's argument primarily rests on its conclusory assertion that Keeneland Ventures, Keeneland Association, and MCI are

partners and Defendant is their partnership.[1]  (D.E. 48, Plaintiff Response to MCSF Motion for Protective Order, at 2); (D.E. 66, Plaintiff Reply in Further Support of its Motion to Compel Production of Documents from Keeneland Association, at 3).  Specifically, Plaintiff points out that on Defendant's tax returns, Keeneland Ventures and MCI are listed as partners; that on Defendant's website, Defendant is "held out to the world as a partnership of MCI and Keeneland Association"; and that MCI and Keeneland expressed an interest in quickly resolving Plaintiff's claim against Defendant through a series of emails. (D.E. 48, Plaintiff Response to MCSF Motion for Protective Order, at 2).

However, it is clear from the public record that Defendant is a limited liability company under Kentucky law, of which Keeneland Ventures by and through Keeneland Association and MCI were simply members. (D.E. 55-1, MCSF Operating Agreement).  Defendant's tax returns were filed under the term "partnership" because the federal government does not recognize an LLC as a classification for federal tax purposes; rather, the "IRS will treat an LLC either as

---

[1] As alleged by Keeneland Association and to the best of this Court's knowledge, Keeneland Association, Inc. is the sole member of Keeneland Ventures, PT LLC.  In turn, Keeneland Ventures PT, LLC was a fifty percent of Defendant MCSF while MCI owned the other fifty percent.

6

a corporation, partnership, or as part of the owner's tax return," and the LCC must file as one of these entities accordingly.[2] Moreover, the Court sees nothing out of the ordinary with Defendant's website since it merely states that Defendant is "backed by years of experience" from two recognizable industry leaders, Keeneland Association and MCI. (D.E. 46-2, MCSF Website). Given that Keeneland and MCI owned Defendant, there is nothing misleading or unacceptable about this public statement.

Finally, the fact that Keeneland Ventures, Keeneland Association and MCI wanted to quickly resolve Plaintiff's claim against Defendant is entirely consistent with their dual ownership of the company and neither implies that they were actually in a "partnership" nor that there was wrongdoing afoot. Frankly, Plaintiff presents absolutely no evidence from which the Court might conclude that there has been an inappropriate transfer of funds from the now-defunct Defendant to these entities. Therefore, Plaintiff has failed to meet its burden to show that the information it seeks is necessary and relevant to its attempt to collect a judgment.

---

[2] http://www.irs.gov/Individuals/Self-Employed/LLC-Filing-as-a-Corporation-or-Partnership

Plaintiff argues that it can broadly pursue post-judgment discovery against Keeneland Ventures, Keeneland Association, and/or MCI under the theory that these parties breached the corporeal form, and thus it is appropriate for this Court to pierce the corporate veil. Specifically, Plaintiff claims it is "entitled to obtain information, among other things, regarding the scope of the partnership between Keeneland or Keeneland Association, Inc. and MCI, the relationship of the parties to MCSF, and the assets available to satisfy the judgment entered against MCSF." (D.E. 54, Plaintiff's Motion to Compel, at 8-9). Although Plaintiff has not presented any facts suggesting that any breach of corporeal form has occurred, he argues, without providing any legal authority, that he need not set forth facts supporting veil piercing at this point. (D.E. 48, Plaintiff's Response to MCSF's Motion, at 12).

Plaintiff's request reflects a misunderstanding of the breadth of Fed. R. Civ. P. 69(a). While it may be true that post-judgment discovery has a broad scope, it has its limits. *See United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007). "When the ground for the discovery is an alleged alter ego relationship with the judgment debtor, there must be facts before the Court to show the basis for the allegation." *Trs. of N. Fla. Operating Eng'rs Health &*

8

*Welfare Fund*, 148 F.R.D. at 664 (*citing Strick Corp. v. Thai Teak Prods. Co., Ltd.*, 493 F. Supp. 1210, 1218 (E.D. Pa. 1980)). This threshold showing is necessary because "[t]he interest of third parties in their privacy must be balanced against the need of the judgment creditor to the documents in question." *Blaw Knox Corp. v. AMR Indus., Inc.*, 130 F.R.D. 400, 403 (E.D. Wis. 1990). This is considered "a factual determination which can only be made on a case by case basis." *Id.*

In this case, veil piercing was not an issue in the underlying case, and Plaintiff provides no facts suggesting that veil piercing is appropriate now. Rather, Plaintiff's theory of discovery arises out of the idea that partners have liabilities for partnership debts and that – by extension – an alter ego theory could let it recover against these entities if they are in fact determined to be partners. The premise of Plaintiff's argument is fundamentally flawed since, as explained above, there is no evidence that there existed a partnership in lieu of a limited liability corporation. Moreover, there is simply no evidence that any third party was disregarding corporate formalities with Defendant. Therefore, what Plaintiff essentially asks this Court to do is to allow it to engage in a fishing expedition under the guise of post-judgment

9

discovery to determine if a basis exists to pierce the corporate veil, even though no facts currently suggest that piercing is appropriate. Rule 69(a)(2) does not permit post-judgment discovery to this extreme.

In support of its argument to the contrary, Plaintiff cites *United States v. Conces*, 507 F.3d 1028 (6th Cir. 2007), for the proposition that post-judgment discovery has a broad scope. However, *Conces* was a very different case that is not analogous to Plaintiff's situation. Specifically, there was no question in *Conces* that the information sought during post-judgment discovery was relevant and clearly articulated; rather, the defendant refused to produce the United States' discovery requests because he believed responding to them would violate his Fifth Amendment protection against self-incrimination. *Id.* at 1040. Thus, while it is true that the Sixth Circuit noted in *Conces* that post-judgment discovery under Rule 69(a)(2) has a broad scope, the inherent caveat is that the discovery sought is relevant and necessary. *Id.* This is a bar that Plaintiff's requests do not meet.

Plaintiff also cites to *Andrews v. Raphaelson*, No. 5:09-cv-077-JBC, 2009 WL 1211136 (E.D. Ky. Apr. 30, 2009), for the proposition that a judgment creditor is "entitled to 'utilize the full panoply of federal discovery measures'

10

provided for under federal and state law to obtain information from parties and non-parties alike, including information about assets on which execution can issue or about assets that have been fraudulently transferred." *Id.* at *3. However, *Andrews* also fails to support Plaintiff's argument.

In *Andrews*, the plaintiff brought fraud and conversion claims against two defendants, a husband and wife. *Id.* at *1. The jury found in favor of the plaintiff on her claim against the defendant husband and entered a judgment against him; however, the jury found against the plaintiff on her claims against the defendant wife, and the court dismissed all claims against her. *Id.* In the plaintiff's efforts to collect a judgment against the defendant husband, she sought post-judgment discovery against the wife which included joint income tax returns filed with her husband. *Id.* at *2. The wife, who was then considered a non-party, objected to this discovery as irrelevant, confidential, and overly broad. *Id.* However, the court correctly noted that it is "beyond question that a judgment creditor is allowed to ask a judgment debtor for asset and financial information relating to the debtor's spouse or other family members," and allowed the plaintiff to discover the information from the wife despite her non-

11

party status. *Id.* at *3 (*citing Nat'l Union Fire Ins. Co. of Pittsburgh v. Van Waeyenberghe*, 148 F.R.D. 256, 257 (N.D. Ind. 1993).

Before us is an entirely different case. First, the underlying claim in *Andrews* was a fraudulent conversion claim and the jury found in favor of the plaintiff. Therefore, there was obviously some evidence of fraudulent transfers in *Andrews* allowing the plaintiff to meet her burden to show that the defendant's wife's private financial information was necessary and relevant to her attempt to enforce the court's judgment. To the contrary in this case, Plaintiff's underlying claim is a breach of contract dispute, and Plaintiff has not since presented any compelling evidence that fraudulent transfers between Defendant and any third party occurred. Therefore, unlike the *Andrews* plaintiff, Plaintiff here has failed to meet its burden.

Second, whereas the *Andrews* plaintiff sought to discover clearly relevant information about the defendant which naturally included some confidential information about his wife, Plaintiff has requested information not only about Defendant's past and present financial situation, but also, for example, "any and all documents" accounting for "any Keeneland Ventures Asset" or "any

12

Martin Collins entity asset." (D.E. 44-8, Subpoena to Central Bank). Thus, whereas the *Andrews* plaintiff sought relevant information primarily about the defendant that naturally involved some peripheral information about his wife, Plaintiff here seeks to uncover *everything* about Keeneland Ventures, Keeneland Association, MCI and MCUSA as if they were also defendants in this case. Without something more to justify its requests, discovery of information regarding the finances or assets of third parties other than the defendant judgment debtor is beyond the scope of post-judgment discovery, pursuant to Fed. R. Civ. P. 69(a)(2).

Notably, Defendant has never disputed that Plaintiff can freely discover its own assets and financial status and can make reasonable inquiry into the disposition of assets it once held. (D.E. 44, Defendant's Motion for Protective Order, at 5). Indeed, Defendant has already produced documents relating to its own past and present financial status, including its own financial records and tax returns, documents regarding its dissolution, documents relating to its Central Bank loan, documents relating to the public auction of its assets, documents regarding the sale and transfer of its remaining assets in connection with its dissolution, and non-privileged communications

13

between Defendant and its members concerning the dispute with Plaintiff. (D.E. 44, Defendant's Motion for Protective Order, at 5). Thus, Defendant has, to the best of this Court's knowledge, been completely compliant with Plaintiff's requests to the extent that they are within the bounds of Fed. R. Civ. P. 69(a)(2).

**III. Conclusion**

Accordingly, **IT IS ORDERED:**

(1) that Defendant Martin Collins Surfaces & Footings, LLC's Motion for a Protective Order and Modification of Subpoenas [D.E. 44] and third-party Martin Collins USA, LLC's Motion for a Protective Order [D.E. 45] are **GRANTED**;

(2) that Plaintiff's Motion to Compel Production of Documents from Keeneland Ventures PT, LLC, is **DENIED**.

(3) that Plaintiff's Motion to Compel Production of Documents from Keeneland Association, Inc., is **DENIED**.

(4) that Plaintiff's Motion for Hearing [D.E. 57] is **DENIED**.

(5) that Plaintiff's subpoenas are hereby **MODIFIED** to exclude him from discovering information regarding the finances or assets of third parties other than the judgment creditor Martin Collins Surfaces & Footings, LLC;

(6) that Central Bank & Trust Company is directed to **WITHHOLD** from production any documents that relate to the finances of third parties or assets of third parties which were not previously held by Martin Collins Surfaces & Footings, LLC, which might otherwise be responsive to Michael W. Dickinson, Inc.'s subpoena (including but not limited to requests 2, 7, 8, 10, 11, 12, or 14);

(7) that neither Keeneland Ventures PT, LLC, Keeneland Association, Inc., Martin Collins USA, LLC, nor Martin Collins Surfaces & Footings, LLC, shall be required to produce documents regarding the finances or assets of parties other than Martin Collins Surfaces & Footings, LLC as the judgment debtor in this case in response to the subpoenas and requests served upon them by Plaintiff, Michael W. Dickinson, Inc.

(8) that this Order is **FINAL AND APPEALABLE** and **THERE IS NO JUST CAUSE FOR DELAY.**

This the 20th day of November, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

15